

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 12, 1971

Honorable David Wade, M.D.                    Opinion No. M-995
Commissioner
Texas Department of Mental Health    Re:  Whether the Texas De-
   and Mental Retardation                    partment of Mental
Box 12668, Capitol Station                    Health and Mental Re-
Austin, Texas   78711                         tardation or the State
                                        Board of Control is
                                        authorized to contract
                                        with the Texas Depart-
                                        ment of Corrections
                                        for construction of a
                                        dam at the Leander Re-
                                        habilitation Center, a
                                        facility of the Texas
                                        Department of Mental
                                        Health and Mental Re-

Dear Dr. Wade:                                tardation.

      Your request for an opinion reads in part as follows:

      "This Department is interested in construct-
ing a dam at one of its facilities, the Leander
Rehabilitation Center, to create a lake to be
used for the purposes authorized in Article 3263f,
Vernon's Annotated Civil Statutes.  The Texas De-
partment of Corrections has the capability of per-
forming such a construction project for this De-
partment and is agreeable to do so provided same is
legally authorized.  It would appear that Article
634-1/2, V.A.T.S., would have authorized the State
Board of Control at the time it was responsible for
the eleemosynary institutions of this State to have
contracted with the Texas Department of Corrections
for the use of equipment, materials and the labor of
trusty State convicts to be used in connection with
the construction of a project such as is proposed at
the Leander Rehabilitation Center.  The powers and

-4852-

duties of the State Board of Control with respect to eleemosynary institutions were transferred to the Board for Texas State Hospitals and Special Schools pursuant to Article 3174b, Section 2, V.A.T.S. Such powers are presently vested in the Texas Department of Mental Health and Mental Retardation under the terms of Article 5547-202, Section 2.16(a), V.A.T.S.

"Wherefore, your opinion and advice with respect to the following questions is respectfully requested:

"1.  Is the Texas Department of Mental Health and Mental Retardation authorized to contract with the Texas Department of Corrections for the use of equipment, materials and the labor of trusty State convicts for the construction of a dam at the Leander Rehabilitation Center?

"2.  Is the State Board of Control authorized to contract with the Texas Department of Corrections for the use of equipment, materials and the labor of trusty State convicts for the construction of a dam at the Leander Rehabilitation Center, a facility of the Texas Department of Mental Health and Mental Retardation?"

Article 634-1/2, Vernon's Civil Statutes, provides:

"The Board of Control is hereby authorized to make contracts with the State Prison Board for the purchase of supplies, equipment and materials for use by other State institutions, including food, supplies, clothing, shoes, metal utensils and appliances, furniture and fixtures, and any and all other supplies or agricultural or manufactured products, binding, other labor for use of the State in any of its Departments, Commissions, Boards, Offices, or eleemosynary or educational institutions, including any and all supplies, equipment, material or labor purchased or used by, or for the State,

-4853-

under the direction of the Board of Control."

Section 2 of Article 3174b, Vernon's Civil Statutes, provides:

"Sec. 2.   Upon the effective date of this Act, the Governor shall appoint the Board provided in this Act and the Board shall proceed to organize as required by Section 5 of this Act and employ the Executive Director and such other personnel necessary to carry out the provisions of this Act.  Effective September 1, 1949, the control and management of, and all rights, privileges, powers, and duties incident thereto including building, design and construction of the Texas State Hospitals and Special Schools which are now vested in and exercised by the State Board of Control shall be transferred to, vested in, and exercised by the Board for Texas State Hospitals and Special Schools.  Provided, however, that the Board of Control shall continue to handle purchases for such institutions in the same manner as they do for other State agencies."

Section 2.16 of Article 5547-202, Vernon's Civil Statutes, provides in part:

"Sec. 2.16.   (a) All powers, duties, and functions relating to the commitment, care, treatment, maintenance, education, training, and rehabilitation of mentally ill or mentally retarded persons, or relating to the administration of mental health or mental retardation services, previously vested in the Board for Texas State Hospitals and Special Schools and in the Division of Mental Health and the Office of Mental Health Planning of the State Department of Health, are transferred to the Texas Department of Mental Health and Mental Retardation."

We note that the provisions of Article 634-1/2,

Vernon's Civil Statutes, relate to the general power of the Board of Control to purchase supplies, equipment, etc., for agencies of the State generally, rather than relating to the care and treatment of mentally ill and mentally retarded persons. Furthermore, its provisions do not relate to the control and management of the Texas State Hospitals and Special Schools. It is therefore our opinion that the powers of the Board of Control provided in Article 634-1/2 were not transferred to the Texas Department of Mental Health and Mental Retardation.

In Attorney General's Opinion O-5038 (1943) it was held that the provisions of Article 634-1/2 refer only to the State Board of Control and do not give any other board or agency of the State the powers therein contained. It was further held that the provisions of Article 2647, Vernon's Civil Statutes, providing for the general powers of the Board of Regents of the State Teachers Colleges to manage and control all State Teachers Colleges, did not authorize such board to make a contract with the State Prison Board for the construction of proposed buildings.

In view of the foregoing, your first question is answered in the negative, and you are advised that the Texas Department of Mental Health and Mental Retardation is not authorized to contract with the Texas Department of Corrections for use of equipment, materials and the labor of State convicts for the construction of a dam at the Leander Rehabilitation Center.

Article 634-1/2 is a part of Chapter 3 of Title 20 of the Revised Civil Statutes of Texas, 1925, as amended, which Chapter relates to the powers and duties of the Purchasing Division of the Board of Control. None of the provisions of Article 634-1/2 authorize the Board of Control to enter into construction contracts. The contract in question is a construction contract, that is, one for the construction of a dam at the Leander Rehabilitation Center. It is therefore our opinion that Article 634-1/2 is not applicable to such construction work. You are accordingly advised that the State Board of Control is not authorized to contract with the Texas Department of Corrections for the use of equipment, materials

and labor of State convicts for the construction of a dam at the Leander Rehabilitation Center.

## S U M M A R Y

Neither the Texas Department of Mental Health and Mental Retardation nor the State Board of Control is authorized to contract with the Texas Department of Corrections for the construction of a dam located at the Leander Rehabilitation Center.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Pat Bailey
Harriet Burke
Linward Shivers

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant